## VAN WINKLE v. CARIBBEAN CONSTRUCTION CORP., et al.
### No. X-73344.

Industrial Commission.

May 7, 1958.

M. Dudley Burton of Nichols, Gaither, Green, Frates & Beckham, Miami, for claimant.

Albert J. Rubenstein, Miami, for the employer.

Jack Miller and Lawrence G. Lally, both of Coral Gables, for the insurance carrier.

ISRAEL ABRAMS, Deputy Commissioner.

After due notice to the parties, hearings were held before the undersigned deputy commissioner in Miami on July 23rd and December 2, 1957, and April 29, 1958.

Upon consideration of all the evidence presented, the undersigned deputy commissioner finds—

1. That the Florida Industrial Commission has jurisdiction of this cause.

2. That pursuant to stipulation of the parties the claimant, Thomas Van Winkle, sustained an accident arising out of and in the course of his employment on April 9, 1957, in San Salvador, Bahamas, while employed by the Caribbean Construction Corporation resulting in temporary total disability until April 26, 1957, and requiring medical treatment including dental work as the result of said accident.

3. That the carrier controverted this claim on two grounds, to-wit—(a) no coverage, and (b) that the Florida Industrial Commission did not have jurisdiction.

4. That the claimant was employed as a welder at the main offices of the employer at 154 Almeria Avenue, Coral Gables, Florida, by a Mr. Eby, construction superintendent for the employer approximately two weeks prior to the accident, said welding duties to be performed by the claimant and three other welders employed on the same day pursuant to a construction contract by the employer with the Navy.

5. That the claimant was employed at a straight salary of $230 a week commencing on the date of his employment at the offices of the employer in Coral Gables, and during the following two weeks the claimant spent approximately one-half of the time in Florida and the remaining time in the Bahamas where the Navy job was to be constructed.

6. That the only duties performed by the claimant while being paid his salary in Florida were (a) helping along with the other welders to load a plane with supplies and machines for the job in the Bahamas, and (b) the requirement that he take an examination at the Pittsburg Testing Laboratory in Miami as to his qualifications as a welder pursuant to the contract by the employer with the Navy.

7. That the contract of employment between the claimant and the employer was made in this state, to-wit: Coral Gables, Florida, and both the employer's place of business and the employee's residence is in this state.

8. That the facts outlined in paragraph 6 above show that the contract of employment between the claimant and the employer was not expressly for service exclusively outside of the state, although apparently there was no express provision in writing or verbally covering this point.

9. That since the undersigned has found that the contract of employment was made in this state and that the employer's place of business as well as the employee's residence was in this state and further that the contract of employment was not expressly for services exclusively outside of the state, it is apparent, and the undersigned finds that this commission has jurisdiction of this cause pursuant to provisions of section 440.09(1), Florida Statutes 1957.

10. That the claimant having sustained an accident coming under the jurisdiction of the Florida Workmen's Compensation Act, jurisdiction of the employer by statute is jurisdiction of the carrier. Section 440.41.

11. That the compensation policy introduced into evidence along with the face sheet clearly shows that the policy was issued for this employer for the period covering this accident and since the duties and obligations of the employer under the Workmen's Compensation Law of Florida are binding upon the carrier in the same manner and to the same extent as upon the employer under our Act (section 440.41), and there being no ambiguity in said policy as to the name of the employer or any evidence that this employer was in any business other than the construction business, there was coverage by the carrier for this accident.

12. Because of the above it becomes unnecessary to further construe said workmen's compensation policy, although it is the opinion of this deputy that under the provisions of the policy the carrier may make further payroll audits of the employer for the purpose of securing payment of additional premiums because of the payroll payments made by the employer to the claimant as well as other employees hired at the same time.

13. That claimant's attorney, M. Dudley Burton, is entitled to a reasonable attorney's fee for services rendered.

Wherefore, it is the order of the commission that the employer Caribbean Construction Corporation by its carrier, U. S. Fidelity & Guaranty Company—(1) Pay the claimant, Thomas Van Winkle, temporary total compensation from April 9 to April 26, 1957, at $35 weekly, taking credit for the statutory four-day waiting period, together with 6% interest on all delinquent payments. (2) Furnish such further medical treatment as the nature of the injury and the process of the recovery may require. (3) Pay M. Dudley Burton as a reasonable attorney's fee for representing the claimant in these proceedings the sum of $100. (4) Pay the costs, if any, of these proceedings.